IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHANIEL LENARD BUTLER    \*
    \*
    \*
    v.    \*    Civil No. – JFM-12-2605
    \*
MONTGOMERY COUNTY GOVERNMENT \*
    \*\*\*\*\*\*

## MEMORANDUM

Nathaniel Lenard Butler has instituted this action against the Montgomery County Government for employment discrimination. Discovery has been completed. Defendant has moved for summary judgment and plaintiff has responded.[1] The motion will be granted.

Plaintiff appears to assert claims both for race discrimination and retaliation. He has failed to exhaust his administrative remedies as to both such claims. He has not demonstrated that he ever filed a charge of race discrimination with the EEOC. Moreover, as to his retaliation claim, he has not demonstrated that he filed a charge of discrimination with the EEOC within 300 days of any event upon which his claim is based.

Assuming, however, that plaintiff did exhaust his administrative remedies, he has presented no direct or circumstantial evidence of race discrimination. As to his retaliation claim, it can be actionable in this case only if it related to retaliation for filing an EEOC claim. Self-evidently, no retaliation claim or documentation submitted by plaintiff at the EEOC on August 6, 2010 or on February 24, 2011 is actionable because all of the events that plaintiff complains about occurred prior to that time. Further, an earlier complaint allegedly filed by the plaintiff

---

[1] Plaintiff's opposition is far more coherent than are many memoranda filed by *pro se* parties. Nevertheless, for the reasons briefly stated in the body of this opinion, plaintiff's claims simply lack merit.

with the EEOC on March 5, 2009 cannot form the basis for a retaliation claim because it was made almost ten months before the acts of retaliation alleged by plaintiff occurred. *See Phillips v. Raytheon Applied Single Tech., Inc.*, 213 U.S. Dist. LEXIS 138946, at 87 (D. Md. Sep. 27, 2013). In any event, assuming that plaintiff has made out a *prima facie* case of discrimination, defendant has articulated a clearly non-pretextual basis for its termination of plaintiff's employment, *i.e.* that his health condition was preventing him from coming to work.

A separate order granting defendant's motion is being entered herewith.

Date:   October 31, 2013        ___/s/_____
                                J. Frederick Motz
                                United States District Judge